**In the Matter of Martin A. McCLOSKEY, Respondent.**

No. 20S00–1203–DI–146.

Supreme Court of Indiana.

Oct. 24, 2012.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** In February 2007, DH pled guilty to a federal felony charge pursuant to an agreement that waived various rights, including his right to appeal and to seek relief under 28 U.S.C. § 2255. DH nevertheless hired an attorney to pursue an appeal. While the appeal was pending, he hired Respondent in November 2007 to file a motion to correct errors or modify his sentence and to request a pardon for prior state felonies. It was understood that Respondent would not seek relief in federal court until the appeal had ended. The fee agreement called for a $7,500 nonrefundable fee, purportedly earned on receipt, for up to 37.5 hours of work.

Respondent began working on a § 2255 petition to modify DH's sentence and preparing a pardon request. Respondent had no experience with either procedure. DH had authorized his son and his daughter to assist Respondent, but Respondent had difficulty communicating with them. In April 2008, DH authorized AL to act as his new liaison with Respondent. DHs appeal was dismissed for lack of prosecution in May 2008. The deadline for filing a § 2255 petition would expire in August 2009. In May 2009, DH's daughter, acting through a power of attorney, terminated Respondent's representation. She declined his request to continue with the § 2255 petition, which Respondent said would take only about two more hours to complete. In the 19 months since he was hired, neither the § 2255 petition nor the pardon request had been completed.

DH sent Respondent a letter in September 2009, saying that he had consulted with another attorney, who told him that there were insufficient grounds for a § 2255 petition. Moreover, the other attorney said that if the petition had been successful, DH would have risked losing his sentence reduction for acceptance of responsibility.

The parties cite no facts in aggravation. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission; and (3) despite the language used in his fee agreement, it was Respondent's practice to refund the unused portion of any advance payment.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.1: Failure to provide competent representation.

1.3: Failure to act with reasonable diligence and promptness.

1.5(a): Charging an unreasonable fee.

3.2: Failure to expedite litigation consistent with the interests of a client.

**Discipline:** The parties propose the appropriate discipline is a public reprimand. The Court, having considered the submissions of the parties, now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.